IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ACCENTURE LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:17-CV-1013-SS |
| MARC A. BOUDRIA, ROSS A. MCINTYRE, | § | |
| MATTHEW L. MURRAY, and JOHN J. | § | |
| TODOR, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT MARC BOUDRIA'S ANSWER TO PLAINTIFF'S COMPLAINT

Subject to his Rule 12(b)(6) Partial Motion to Dismiss, Defendant Marc Boudria ("Boudria" or "Defendant") files this Answer to the Verified Complaint for Injunctive and Other Relief (the "Complaint") of Plaintiff Accenture LLP ("Accenture" or "Plaintiff").

## NATURE OF THE CASE

1.     To the extent that the allegations in paragraph 1 contain legal conclusions and argument, and questions of law, no response is required. Boudria denies that he acted in a clandestine campaign to steal Accenture's trade secrets, raid Accenture's employees, or solicit Accenture clients in an effort to form a competing firm.

2.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 2 and therefore denies.

3.     Boudria admits that Accenture fired Lamm and Womble. Boudria denies that Lamm, Womble, and Fremont conspired with him or leveraged their status to solicit Accenture employees and misappropriate Accenture information. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 3 and therefore denies.

4.      Boudria denies that he plotted and executed his departure from Accenture willfully and maliciously. He denies that he acted with McIntyre, Murray, or Todor to lay the groundwork for HyperGiant's formation, solicit Accenture employees to defect, or copy and remove Accenture's trade secret information. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 4 and therefore denies.

5.      Boudria denies that he engaged in a covert and concerted effort to begin HyperGiant with the other Defendants, Lamm, Womble, or others. He denies that he stole Accenture's trade secrets, hid communications from Accenture, or took deliberate steps to destroy the communications. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 5 and therefore denies.

6.      To the extent that the allegations in paragraph 6 contain legal conclusions and argument, and questions of law, no response is required. Boudria denies that there is any factual or legal basis to Plaintiff's claims.

## THE PARTIES

7.      Boudria lacks information sufficient to admit or deny the allegations in paragraph 7 and therefore denies.

8.      Boudria admits the allegations in paragraph 8.

9.      Boudria admits that Ross McIntyre lives in Texas and worked for Accenture. Boudria admits that McIntyre currently works for HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 9 and therefore denies.

10.      Boudria admits that Matthew Murray lives in Texas and worked for Accenture. Boudria admits that Murray currently works for HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 10 and therefore denies.

11. Boudria admits that John Todor lives in Texas and worked for Accenture. Boudria admits that Todor currently works for HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 11 or footnote 1 and therefore denies.

## RELEVANT NON-PARTIES

12. Boudria admits that HyperGiant does business in Texas. Boudria denies that HyperGiant competes with Accenture in the digital consulting and innovation space. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 12 and therefore denies.

13. Boudria admits that Ben Lamm worked for Accenture and now works for HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 13 and therefore denies.

14. Boudria admits that John Fremont worked for Accenture and now works for HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 14 and therefore denies.

15. Boudria admits that Will Womble worked for Accenture and now works for HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 15 and therefore denies.

## JURISDICTION AND VENUE

16. Boudria does not dispute that this Court has subject matter jurisdiction over the lawsuit.

17. Boudria does not dispute that the Court has personal jurisdiction over him. Boudria denies that he misappropriated Accenture's trade secrets, committed tortious acts against

Accenture, or breached contractual obligations owed to Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 17 and therefore denies.

18.     Boudria does not dispute that venue is proper as to Boudria with respect to this dispute. Boudria denies that he misappropriated Accenture's confidential, proprietary, or trade secret information. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 18 and therefore denies.

## FACTUAL BACKGROUND

### Accenture's Business

19.     Boudria admits that Accenture provides certain strategy, digital, and technology services. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 19 and therefore denies.

20.     Boudria admits that Accenture has a business called Accenture Digital that helps clients use digital technologies. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 20 and therefore denies.

21.     Boudria admits that Accenture Interactive offers digital design services and marketing solutions. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 21 and therefore denies.

22.     Boudria admits that Accenture acquired Fjord, which creates digital experiences and services through various platforms. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 22 and therefore denies.

23.     Boudria admits that Fjord provides design and innovation services. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 23 and therefore denies.

4

24.    Boudria admits that Accenture Interactive and Fjord have digital products. Boudria admits that machine learning is an artificial intelligence technology that provides systems with the ability to learn without being explicitly programmed. Boudria admits that integrated analytics provide a basis for data sets. Boudria admits that biometrics gives intelligent systems the ability to gather data on facial features and other demographics. Boudria admits that robotic process automation allows organizations to deploy intelligent software systems that mimic actions of human users. Boudria admits that these systems interpret existing applications to process transactions, manipulate data, and communicate with other systems. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 24 and therefore denies.

25.    Admit.

26.    Boudria admits that Accenture Interactive and Fjord created digital services and products. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 26 and therefore denies.

27.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 27 and therefore denies.

28.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 28 and therefore denies.

**Accenture Has Enacted Significant Measures to Safeguard its Sensitive Information**

29.    Boudria admits that he has signed an intellectual property agreement. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 29 and therefore denies.

30.     Boudria admits he used an electronic proximity access card for physical building access, that he had a user name and password for his computer, that certain areas of Accenture were restricted access, and that he received training on information security. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 30 and therefore denies.

31.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 31 and therefore denies.

## Accenture Acquires Chaotic Moon

32.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 32 and therefore denies.

33.     Boudria admits that Accenture acquired Chaotic Moon, which was located in Austin. Boudria admits that Chaotic Moon provided digital design, prototyping, experience strategy, and development services. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 33 and therefore denies.

## Defendants' Employment with and Contractual Obligations to Accenture

34.     Boudria admits that Accenture extended offers of employment to Chaotic Moon employees, including Lamm, Fremont, Womble, McIntyre, Murray, Todor, and Boudria. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 34 and therefore denies.

35.     Boudria admits that Lamm worked for Accenture as a managing director. Boudria admits that Fremont also worked for Accenture as a managing director. Boudria admits that Womble became a managing director. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 35 and therefore denies.

6

36.     Boudria admits that he was hired by Accenture into a Research and Development role and served as a member of the Marketing Team and Go-to-Market Team.

37.     Boudria admits that Murray worked in marketing. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 37 and therefore denies.

38.     Boudria admits that he and Murray worked on Fjord's research and product development efforts. He admits that he engaged in ideation and concepts, worked on design concepts and recommendations, assisted clients' technology systems to make recommendations on approach and technological architecture, and developed demos and prototypes for clients and marketing purposes. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 38 and therefore denies.

39.     Boudria admits that McIntyre worked in product strategy. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 39 and therefore denies.

40.     Boudria admits that Todor worked in Sales at Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 40 and therefore denies.

41.     Boudria admits that his annual base salary at Accenture was $108,900, and he received a retention bonus of $20,000 per year for two years. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 41 and therefore denies.

42.     Boudria admits that he signed a Conditions of Employment Agreement and Intellectual Property Agreement. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 42 and therefore denies.

43.      Boudria admits that he received an offer of employment from Accenture in October 2015. He admits that he signed a Conditions of Employment Agreement and Intellectual Property Agreement. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 43 and therefore denies.

44.      Boudria admits that he signed an offer letter. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 44 and therefore denies.

45.      Boudria admits that he signed a Conditions of Employment Agreement and Intellectual Property Agreement. He lacks sufficient information to know that the Plaintiff has attached true and correct copies of these agreements. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 45 and therefore denies.

46.      Boudria admits that he signed a Conditions of Employment Agreement that contained a client non-solicitation clause. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 46 and therefore denies.

47.      Boudria admits that he signed a Conditions of Employment Agreement that contained an employee non-solicitation clause. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 47 and therefore denies.

48.      Boudria admits that he signed a Conditions of Employment Agreement. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 48 and therefore denies.

49.      Boudria lacks information sufficient to admit or deny the allegations in paragraph 49 and therefore denies.

50.      Boudria lacks information sufficient to admit or deny the allegations in paragraph 50 and therefore denies.

51.     Boudria admits that he signed an Intellectual Property Agreement. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 51 and therefore denies.

52.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 52 and therefore denies.

53.     To the extent that the allegations in paragraph 53 contain legal conclusions and argument, and questions of law, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 53 and therefore denies.

54.     To the extent that the allegations in paragraph 54 contain legal conclusions and argument, and questions of law, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 54 and therefore denies.

55.     Paragraph 55 sets forth legal conclusions and argument, and question of law, to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claim.

56.     Boudria admits that he signed an HR Policies Acknowledgement Form in 2015. To the extent that the allegations in paragraph 56 contain legal conclusions and argument, and questions of law, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 56 and therefore denies.

57.     Boudria admits that he signed a Conditions of Employment Agreement and Intellectual Property Agreement. To the extent that the allegations in paragraph 57 contain legal conclusions and argument, and questions of law, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 57 and therefore denies.

58.     To the extent that the allegations in paragraph 58 contain legal conclusions and argument, and questions of law, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 58 and therefore denies.

59.     To the extent that the allegations in paragraph 59 contain legal conclusions and argument, and questions of law, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 59 and therefore denies.

60.     To the extent that the allegations in paragraph 60 contain legal conclusions and argument, and questions of law, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 60 and therefore denies.

## Departures from Accenture

61.     Boudria admits that Lamm was fired from Accenture in 2016.

62.     Boudria admits that Womble was fired from Accenture in 2017.

63.     Boudria admits that Fremont departed from Accenture in the summer of 2017.

64.     Boudria admits that he wrote a departure email to Accenture and resigned on September 1, 2017. Boudria admits that he did not provide Accenture with information regarding his future employment plans. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 64 and therefore denies.

65.     Boudria admits that he works with Lamm, Fremont, Womble, McIntyre, Murray, and Todor at HyperGiant. Boudria denies that HyperGiant competes with Accenture in the digital consulting and innovation space. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 65 and therefore denies.

## Accenture's Investigation to Date Reveals Conspiracy to Form Competing Company

10

66.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 66 and therefore denies.

67.     Boudria denies that he stole trade secrets from Plaintiff. He admits that he communicated with McIntyre, Murray, and Todor. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 67 and therefore denies.

68.     Boudria denies the allegations in paragraph 68.

69.     Boudria admits that he communicated with McIntyre, Womble, and Todor about his desire to leave Accenture. He denies that he communicated a desire to begin competing with Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 69 and therefore denies.

70.     Boudria admits that he had communications about his desire to leave Accenture, but denies he coordinated to compete with Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 70 and therefore denies.

71.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 71 and therefore denies.

72.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 72 and therefore denies.

73.     Boudria admits that he spoke to Lamm in May of 2017 and agreed to meet with Lamm to discuss Conversable. Boudria admits that he sent a message to McIntyre around that time. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 73 and therefore denies.

74.     Boudria admits that he sent a message to McIntyre. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 74 and therefore denies.

11

75.     Boudria denies that he engaged in a scheme with Lamm, Womble, McIntyre, Todor, or Murray. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 75 and therefore denies.

76.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 76 and therefore denies.

77.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 77 and therefore denies.

78.     Boudria admits that met with McIntyre, Todor, and Womble to discuss HyperGiant in June.

79.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 79 and therefore denies.

80.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 80 and therefore denies.

81.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 81 and therefore denies.

82.     Boudria admits that he created a Discord chat and invited Todor, McIntyre, Murray, Womble, and Lamm to join. Boudria denies that he created Discord to conceal HyperGiant communications.

83.     Boudria admits that it is the standard practice of users of Discord to use screen names. Boudria denies the remaining allegations of paragraph 83.

84.     Boudria admits that he had communications on iMessage. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 84 and therefore denies.

85.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 85 and therefore denies.

86.    To the extent the allegations in paragraph 86 consist of legal conclusions and argument, no response is required. Boudria denies that he made plans to compete with Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 86 and therefore denies.

87.    Boudria admits that he had communications with McIntyre in August. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 87 and therefore denies.

88.    Boudria admits that he and McIntyre communicated about discussing salaries at HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 88 and therefore denies.

89.    To the extent the allegations in paragraph 89 consist of legal conclusions and argument, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 89 and therefore denies.

90.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 90 and therefore denies.

91.    Boudria admits he discussed removing Womble and Fremont from the Discord channel. Boudria admits that he removed Lamm from the channel. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 91 and therefore denies.

92.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 92 and therefore denies.

13

93.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 93 and therefore denies.

94.     Boudria lacks information sufficient to admit or deny the allegations in paragraph 94 and therefore denies.

**Defendants Misappropriate Accenture's Confidential, Proprietary, and Trade Secret Information**

95.     To the extent the allegations in paragraph 95 consist of legal conclusions and argument, no response is required. Boudria denies that he acted in concert with McIntyre, Todor, Murray, Lamm, Fremont, and Womble to secretly copy Accenture's information and conceal their activities. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 95 and therefore denies.

**Defendant Marc Boudria**

96.     To the extent the allegations in paragraph 96 consist of legal conclusions and argument, no response is required. Boudria admits he plugged a USB device into his Accenture computer on the day he resigned. Boudria admits that he accessed some Accenture documents that day. Boudria admits that he has possession of the USB device. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 96 and therefore denies.

97.     To the extent the allegations in paragraph 97 consist of legal conclusions and argument, no response is required. Boudria admits that he copied documents from his USB device to his Accenture computer. He admits that he deleted files prior to resigning with Accenture, but he denies that he did it to conceal his computer activities. Boudria denies that he intended to upload Accenture documents to a cloud storage account where he and others could access them. He denies that he took active steps to conceal his activities. Boudria lacks

14

information sufficient to admit or deny the remaining allegations in paragraph 97 and therefore denies.

98.    Boudria admits that he deleted iMessage and Discord communications. Boudria denies that he had a Conversable email account or accessed Conversable files. Boudria admits that he accessed Chilligence. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 98 and therefore denies.

### Defendant Ross McIntyre

99.    Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 99 and therefore denies.

100.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 100 and therefore denies.

101.    To the extent the allegations in paragraph 101 consist of legal conclusions and argument, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 101 and therefore denies.

102.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 102 and therefore denies.

103.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 103 and therefore denies.

### Defendant Matthew Murray

104.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 104 and therefore denies.

105.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 105 and therefore denies.

106.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 106 and therefore denies.

## Defendant John Todor

107.    To the extent the allegations in paragraph 107 consist of legal conclusions and argument, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 107 and therefore denies.

108.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 108 and therefore denies.

109.    Boudria admits that Todor suggested that he get off Discord. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 109 and therefore denies.

110.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 110 and therefore denies.

111.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 110 and therefore denies.

## All Defendants

112.    To the extent the allegations in paragraph 112 consist of legal conclusions and argument, no response is required. Boudria denies that he no "legitimate" purpose for downloading and transferring Accenture documents to or from his USB drive. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 112 and therefore denies.

113.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 113 and therefore denies.

114.    To the extent the allegations in paragraph 114 consist of legal conclusions and argument, no response is required. Boudria admits that he had possession of Accenture documents, but these documents have been sent to the expert. Boudria denies that he used this information in connection with HyperGiant's business. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 114 and therefore denies.

**Defendants Exploit Accenture's Confidential, Proprietary, and Trade Secret Information to Solicit Accenture Clients in Breach of Contractual Obligations**

115.    To the extent the allegations in paragraph 115 consist of legal conclusions and argument, no response is required. Boudria denies that he has acted in coordination with HyperGiant, Lamm, Fremont, and Womble to solicit Accenture clients. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 115 and therefore denies.

116.    Boudria lacks information sufficient to admit or deny the allegations in paragraph 116 and therefore denies.

117.    Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 117 and therefore denies.

118.    To the extent the allegations in paragraph 118 consist of legal conclusions and argument, no response is required. Boudria denies that he submitted a proposal to a multi-million dollar Accenture client on behalf of HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 118 and therefore denies.

119.    To the extent the allegations in paragraph 119 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly solicited Accenture clients. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 119 and therefore denies.

120.    To the extent the allegations in paragraph 120 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly solicited Accenture clients. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 120 and therefore denies.

121.    To the extent the allegations in paragraph 121 consist of legal conclusions and argument, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 121 and therefore denies.

**Defendants Solicit Accenture Employees in Breach of Contractual Obligations**

122.    To the extent the allegations in paragraph 122 consist of legal conclusions and argument, no response is required. Boudria denies that he has solicited Accenture employees in coordination with HyperGiant, Lamm, Fremont, and Womble. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 122 and therefore denies.

123.    To the extent the allegations in paragraph 123 consist of legal conclusions and argument, no response is required. Boudria denies that he has coordinated with Lamm to solicit Jesse Sims to join HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 123 and therefore denies.

124.    To the extent the allegations in paragraph 124 consist of legal conclusions and argument, no response is required. Boudria denies that he has coordinated with Lamm to solicit Chris Klee to join HyperGiant. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 124 and therefore denies.

125.    Boudria denies that he coordinated with Lamm to recruit and hire an Accenture Fjord Content Design Lead. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 125 and therefore denies.

18

126.    To the extent the allegations in paragraph 126 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly solicited Accenture employees. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 126 and therefore denies.

127.    To the extent the allegations in paragraph 127 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly solicited Accenture employees. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 127 and therefore denies.

## COUNT I
## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF DEFEND TRADE SECRETS ACT
## 18 U.S.C. SECTION 1831 et. seq.

128.    Paragraph 128 requires no admission or denial.

129.    To the extent the allegations in paragraph 129 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired, used, or disclosed trade secrets of Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 129 and therefore denies.

130.    To the extent the allegations in paragraph 130 consist of legal conclusions and argument, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 130 and therefore denies.

131.    To the extent the allegations in paragraph 131 consist of legal conclusions and argument, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 131 and therefore denies.

132.    To the extent the allegations in paragraph 132 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired or disclosed

Accenture trade secrets. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 132 and therefore denies.

133. To the extent the allegations in paragraph 133 consist of legal conclusions and argument, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 133 and therefore denies.

134. To the extent the allegations in paragraph 134 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired or stolen Accenture's trade secrets. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 134 and therefore denies.

135. To the extent the allegations in paragraph 135 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired, used, disclosed – or threatened to acquire, use, or disclose – Accenture's trade secrets. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 135 and therefore denies.

136. To the extent the allegations in paragraph 136 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired or misappropriated Accenture's trade secrets. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 136 and therefore denies.

137. To the extent the allegations in paragraph 137 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired or misappropriated Accenture's trade secrets, and also denies that he has intended to cause injury or harm to Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 137 and therefore denies.

138.    Paragraph 138 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF TEXAS UNIFORM TRADE SECRETS ACT
## TEX. CIV. PRAC. & REM. CODE SECTION 134A.001 et. seq.

139.    Paragraph 139 requires no admission or denial.

140.    To the extent the allegations in paragraph 140 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired, used, or disclosed Accenture's trade secrets. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 140 and therefore denies.

141.    Paragraph 141 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

142.    Paragraph 142 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

143.    To the extent the allegations in paragraph 143 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired, used, or disclosed Accenture's trade secrets. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 143 and therefore denies.

144.    To the extent the allegations in paragraph 144 consist of legal conclusions and argument, no response is required. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 144 and therefore denies.

145.    To the extent the allegations in paragraph 145 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired or stolen

21

Accenture's trade secrets. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 145 and therefore denies.

146.    To the extent the allegations in paragraph 146 consist of legal conclusions and argument, no response is required. Boudria denies that he has improperly acquired, used, or disclosed Accenture's trade secrets, nor has he threatened to do so. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 146 and therefore denies.

147.    Paragraph 147 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

148.    Paragraph 148 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

149.    Paragraph 149 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

150.    To the extent the allegations in paragraph 150 consist of legal conclusions and argument, no response is required. Boudria denies that he has intended to cause injury or harm to Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 150 and therefore denies.

## COUNT III
## BREACH OF THE INTELLECTUAL PROPERTY AGREEMENTS

151.    Paragraph 151 requires no admission or denial.

152.    To the extent the allegations in paragraph 152 consist of legal conclusions and argument, no response is required. Boudria admits that he signed an Intellectual Property Agreement. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 152 and therefore denies.

153.    Paragraph 153 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

154.    Paragraph 154 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

155.    Paragraph 155 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

156.    To the extent the allegations in paragraph 156 consist of legal conclusions and argument, no response is required. Boudria denies that he has used, disclosed, or provided access to Accenture's confidential information. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 156 and therefore denies.

157.    Paragraph 157 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

158.    Paragraph 158 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

## COUNT IV
## BREACH OF THE CONDITIONS OF EMPLOYMENT AGREEMENTS

159.    Paragraph 159 requires no admission or denial.

160.    To the extent the allegations in paragraph 160 consist of legal conclusions and argument, no response is required. Boudria admits that he signed a Conditions of Employment Agreement. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 160 and therefore denies.

161.    Paragraph 161 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

162.    Paragraph 162 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

163.    Paragraph 163 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

164.    Paragraph 164 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

165.    Paragraph 165 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

166.    To the extent the allegations in paragraph 166 consist of legal conclusions and argument, no response is required. Boudria denies that he unlawfully solicited Accenture employees or clients. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 166 and therefore denies.

167.    To the extent the allegations in paragraph 167 consist of legal conclusions and argument, no response is required. Boudria denies that he released or utilized Accenture's confidential information after the termination of his employment. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 167 and therefore denies.

168.    Paragraph 168 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

169.    Paragraph 169 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

## COUNT V
## BREACH OF FIDUCIARY DUTIES

170.    Paragraph 170 requires no admission or denial.

171. To the extent the allegations in paragraph 171 consist of legal conclusions and argument, no response is required. Boudria admits that he was an employee of Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 171 and therefore denies.

172. Paragraph 172 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

173. To the extent the allegations in paragraph 173 consist of legal conclusions and argument, no response is required. Boudria denies that he took, retained, or disclosed Accenture's confidential information to benefit himself and third parties whose business was competitive to Accenture's. Boudria denies that he prepared to divert Accenture clients and business to a business competitive with Accenture. Boudria denies that he solicited, encouraged, or induced Accenture employees to terminate their employment with Accenture to join a business competitive with Accenture. Boudria denies that he used Accenture's resources to perform services for a third party while employed by Accenture. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 173 and therefore denies.

174. Paragraph 174 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

175. To the extent the allegations in paragraph 175 consist of legal conclusions and argument, no response is required. Boudria denies that he has been unjustly enriched, used Accenture information to develop products and services, or wrongfully solicited Accenture clients. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 175 and therefore denies.

176.    Paragraph 176 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

## COUNT VI
## CIVIL CONSPIRACY

177.    Paragraph 177 requires no admission or denial.

178.    To the extent the allegations in paragraph 178 consist of legal conclusions and argument, no response is required. Boudria denies that he acted with McIntyre, Murray, or Todor to use or disclose Accenture's information, solicit employees, or solicit clients. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 178 and therefore denies.

179.    To the extent the allegations in paragraph 179 consist of legal conclusions and argument, no response is required. Boudria denies that he misused Accenture's confidential information or had any unlawful objectives. Boudria lacks information sufficient to admit or deny the remaining allegations in paragraph 179 and therefore denies.

180.    Paragraph 180 sets forth legal conclusions and questions of law to which no response is required. Boudria denies there is any factual or legal basis to Plaintiff's claims.

## REQUEST FOR JURY DEMAND

181.    Paragraph 181 does not contain factual allegations and requires no response.

## PRAYER FOR RELIEF

182.    Boudria denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court award a take-nothing judgment in favor of Boudria, and that Boudria receive all costs and fees that he is entitled to by law or equity.

## ADDITIONAL DEFENSES AND AFFIRMATIVE DEFENSES

183.    Plaintiff fails to state a claim upon which relief may be granted.

26

184. Plaintiff's common law claims are preempted by the exclusive remedy provisions of the Texas Uniform Trade Secrets Act.

185. To the extent any common law claim is based on the subject matter of any contract between the parties, those claims are barred by the existence of the contract.

186. Plaintiff has failed to allege with specificity the alleged trade secrets forming the basis of Plaintiff's Complaint.

187. Plaintiff's prayer for equitable relief is barred because Plaintiff has an adequate remedy at law.

188. Plaintiff's prayer for equitable relief is barred due to Plaintiff's unclean hands.

189. No funds, profits, property, or benefits can be traced back to the actions alleged in Plaintiff's Complaint. Accordingly, Boudria cannot be disgorged of any funds, profits, property, or benefits and a constructive trust cannot be imposed.

190. Plaintiff has failed to mitigate its damages, in whole or in part.

191. Boudria's conduct was not the proximate cause of damages, if any, suffered by Plaintiff. If Plaintiff has sustained any damages, they are the proximate result of some superseding or intervening cause.

192. To the extent Plaintiff seeks punitive or exemplary damages, Boudria pleads the protections provided for in the United States and Texas Constitutions as well as Chapter 41 of the Texas Civil Practice & Remedies Code, and any submissions to the fact finders and/or judgment must strictly comply with the same. Plaintiff has failed to properly plead or establish any basis for exemplary or punitive damages. Additionally, any award, including exemplary damages, would violate Boudria's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the due process and due course of law

provisions of the Texas Constitution, the Excessive Fines Clause in the Eighth Amendment, and the Equal Protection Clause and Privileges and Immunities Clauses of the Fourteenth Amendment.

193.    Boudria specifically incorporates by reference the requisite standards of limitations regarding the determination and/or enforceability of punitive damages awards including Chapter 41 of the Texas Civil Practice & Remedies Code and the Supreme Court's interpretations of the constitutional mandates, including the decisions of *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

194.    Plaintiff failed to satisfy conditions precedent including presentment.

195.    Boudria may have a right to offset.

196.    Boudria reserves the right to assert other defenses as discovery proceeds.

## REQUEST FOR RELIEF

197.    For these reasons, Boudria requests that this Court dismiss Plaintiff's Complaint, enter a take-nothing judgment against Plaintiff, and award Boudria all other relief that the Court deems just and proper.

28

Respectfully Submitted,


BY:    /s/ *Michael J. Golden*
    Michael J. Golden
    State Bar. No. 24032234

    BOULETTE GOLDEN & MARIN L.L.P.
    2801 Via Fortuna, Suite 530
    Austin, TX 78746
    512.732.8902
    512.732.8905 (facsimile)
    mike@boulettegolden.com


    ATTORNEYS FOR DEFENDANTS

29

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's ECF system on this 14th day of November 2017 as follows:

Benjamin M. Ostrander (*admitted pro hac vice*)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
312.558.5600
312.558.5700 – facsimile

Daniel J. Fazio (*admitted pro hac vice*)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
312.558.5600
312.558.5700 – facsimile

Michael P. Roche (*admitted pro hac vice*)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
312.558.5600
312.558.5700 – facsimile

Sheryl A. Falk (*admitted pro hac vice*)
sfalk@winston.com
Winston & Strawn LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002
713.651.2600
713.651.2700 - facsimile

Steven A. Fleckman
fleckman@fleckman.com
Fleckman & McGlynn, PLLC
515 Congress Ave., #1800
Austin, TX 78701-3503
512.476.7900
512.476.7644 – facsimile

Erin C. Villasenor
evillasenor@winston.com
Winston & Strawn LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002
713.651.2600
713.651.2700 - facsimile

ATTORNEYS FOR PLAINTIFFS

*/s/ Michael J. Golden*
Counsel for Defendants

30