IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ACCENTURE LLP, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:17-CV-1013-SS |
| MARC A. BOUDRIA, ROSS A. MCINTYRE, | § | |
| MATTHEW L. MURRAY, and JOHN J. | § | |
| TODOR, | § | |
| | § | |
|     Defendants. | § | |

## DEFENDANT JOHN TODOR'S ANSWER TO PLAINTIFF'S COMPLAINT

Subject to his Rule 12(b)(6) Partial Motion to Dismiss, Defendant John Todor ("Todor" or "Defendant") files this Answer to the Verified Complaint for Injunctive and Other Relief (the "Complaint") of Plaintiff Accenture LLP ("Accenture" or "Plaintiff").

## NATURE OF THE CASE

1. To the extent that the allegations in paragraph 1 contain legal conclusions and argument, and questions of law, no response is required. Todor denies that he acted in a clandestine campaign to steal Accenture's trade secrets, raid Accenture's employees, or solicit Accenture clients in an effort to form a competing form.

2. Todor lacks information sufficient to admit or deny the allegations in paragraph 2 and therefore denies.

3. Todor admits that Accenture fired Lamm and Womble. Todor denies that Lamm, Womble, and Fremont conspired with him or leveraged their status to solicit Accenture employees and misappropriate Accenture information. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 3 and therefore denies.

4.     Todor denies that he plotted and executed his departure from Accenture willfully and maliciously. He denies that he acted with Boudria, McIntyre, or Murray to lay the groundwork for HyperGiant's formation, solicit Accenture employees to defect, or copy and remove Accenture's trade secret information. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 4 and therefore denies.

5.     Todor denies that he engaged in a covert and concerted effort to begin HyperGiant with the other Defendants, Lamm, Womble, or others. He denies that he stole Accenture's trade secrets, hid communications from Accenture, or took deliberate steps to destroy the communications. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 5 and therefore denies.

6.     To the extent that the allegations in paragraph 6 contain legal conclusions and argument, and questions of law, no response is required. Todor denies that there is any factual or legal basis to Plaintiff's claims.

## THE PARTIES

7.     Todor lacks information sufficient to admit or deny the allegations in paragraph 7 and therefore denies.

8.     Todor admits that Marc Boudria lives in Texas and worked for Accenture. Todor admits that Boudria currently works for HyperGiant. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 8 and therefore denies.

9.     Todor admits that Ross McIntyre lives in Texas and worked for Accenture. Todor admits that McIntyre currently works for HyperGiant. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 9 and therefore denies.

10. Todor admits that Matthew Murray lives in Texas and worked for Accenture. Todor admits that Murray currently works for HyperGiant. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 10 and therefore denies.

11. Todor admits the allegations in paragraph 11. With respect to Footnote 1, Todor admits that he and Accenture had an arbitration agreement.

## RELEVANT NON-PARTIES

12. Todor admits that HyperGiant does business in Texas. Todor denies that HyperGiant competes with Accenture in the digital consulting and innovation space. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 12 and therefore denies.

13. Todor admits that Ben Lamm worked for Accenture and now works for HyperGiant. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 13 and therefore denies.

14. Todor admits that John Fremont worked for Accenture and now works for HyperGiant. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 14 and therefore denies.

15. Todor admits that Will Womble worked for Accenture and now works for HyperGiant. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 15 and therefore denies.

## JURISDICTION AND VENUE

16. Todor does not dispute that this Court has jurisdiction over the lawsuit.

17. Todor does not dispute that the Court has personal jurisdiction over him. Todor denies that he misappropriated Accenture's trade secrets, committed tortious acts against

Accenture, or breached contractual obligations owed to Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 17 and therefore denies.

18.    Todor does not dispute that venue is proper as to Todor with respect to this dispute. Todor denies that he misappropriated Accenture's confidential, proprietary, or trade secret information. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 18 and therefore denies.

## FACTUAL BACKGROUND

### Accenture's Business

19.    Todor admits that Accenture provides certain strategy, digital, and technology services. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 19 and therefore denies.

20.    Todor admits that Accenture has a business called Accenture Digital that helps clients use digital technologies. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 20 and therefore denies.

21.    Todor admits that Accenture Interactive offers digital design services and marketing solutions. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 21 and therefore denies.

22.    Todor admits that Accenture acquired Fjord, which creates digital experiences and services through various platforms. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 22 and therefore denies.

23.    Todor admits that Fjord provides design and innovation services. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 23 and therefore denies.

24.    Todor lacks information sufficient to admit or deny the allegations in paragraph 24 and therefore denies.

25.    Todor lacks information sufficient to admit or deny the allegations in paragraph 25 and therefore denies.

26.    Todor admits that Accenture Interactive and Fjord created digital services and products. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 26 and therefore denies.

27.    Todor lacks information sufficient to admit or deny the allegations in paragraph 27 and therefore denies.

28.    Todor lacks information sufficient to admit or deny the allegations in paragraph 28 and therefore denies.

**Accenture Has Enacted Significant Measures to Safeguard its Sensitive Information**

29.    Todor admits that he signed an intellectual property agreement. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 29 and therefore denies.

30.    Todor admits he used an electronic proximity access card for physical building access, that he had a user name and password for his computer, that certain areas of Accenture were restricted access, and that he received training on information security. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 30 and therefore denies.

31.    Todor lacks information sufficient to admit or deny the allegations in paragraph 31 and therefore denies.

**Accenture Acquires Chaotic Moon**

32. Todor lacks information sufficient to admit or deny the allegations in paragraph 32 and therefore denies.

33. Todor admits that Accenture acquired Chaotic Moon, which was located in Austin. Todor admits that Chaotic Moon was absorbed into Fjord and operates in Austin as Fjord Austin. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 33 and therefore denies.

**Defendants' Employment with and Contractual Obligations to Accenture**

34. Todor admits that Accenture extended offers of employment to Chaotic Moon employees, including Lamm, Fremont, Womble, McIntyre, Murray, Boudria, and himself. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 34 and therefore denies.

35. Todor admits that Lamm worked for Accenture as a managing director. Todor admits that Fremont also worked for Accenture as a managing director. Todor admits that Womble became a managing director. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 35 and therefore denies.

36. Todor admits that Boudria performed a research and development role for Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 36 and therefore denies.

37. Todor admits that Murray performed a research and development role for Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 37 and therefore denies.

38.    Todor admits that Boudria and Murray worked on Fjord's research and product development efforts. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 38 and therefore denies.

39.    Todor admits that McIntyre worked in product strategy. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 39 and therefore denies.

40.    Todor admits that he joined Accenture as Senior Sales Manager. He admits that he had relationships with some of Chaotic Moon's and Accenture's clients and prospective clients, identified business opportunities, identified potential prospects, and developed and implemented sales strategies. He admits that he conducted market research and contributed to proposals and presentations to some of Fjord's current and prospective clients.

41.    Todor admits that his annual base salary at Accenture was $165,400 but denies that he received an additional $270,000 in compensation on top of his salary. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 41 and therefore denies.

42.    Todor admits that he signed a Conditions of Employment Agreement and Intellectual Property Agreement. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 42 and therefore denies.

43.    Todor admits that he received an offer of employment from Accenture in October 2015. He admits that he signed a Conditions of Employment Agreement and Intellectual Property Agreement. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 43 and therefore denies.

44.    Todor admits that he signed an offer letter. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 44 and therefore denies.

45.     Todor admits that he signed a Conditions of Employment Agreement and Intellectual Property Agreement. He lacks information sufficient to admit or deny the allegations in paragraph 45 and therefore denies.

46.     Todor lacks information sufficient to admit or deny the allegations in paragraph 46 and therefore denies.

47.     Todor lacks information sufficient to admit or deny the allegations in paragraph 47 and therefore denies.

48.     Todor lacks information sufficient to admit or deny the allegations in paragraph 48 and therefore denies.

49.     Todor admits that he signed a Conditions of Employment Agreement that contained a client non-solicitation clause. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 49 and therefore denies.

50.     Todor admits that he signed a Conditions of Employment Agreement that contained an employee non-solicitation clause. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 50 and therefore denies.

51.     Todor lacks information sufficient to admit or deny the allegations in paragraph 51 and therefore denies.

52.     Todor admits that he signed an Intellectual Property Agreement. Todor lacks information sufficient to admit or deny the allegations in paragraph 52 and therefore denies.

53.     To the extent that the allegations in paragraph 53 contain legal conclusions and argument, and questions of law, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 53 and therefore denies.

54.    To the extent that the allegations in paragraph 54 contain legal conclusions and argument, and questions of law, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 54 and therefore denies.

55.    Paragraph 55 sets forth legal conclusions and argument, and question of law, to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claim.

56.    Todor admits that he signed an HR Policies Acknowledgement Form in 2015. To the extent that the allegations in paragraph 56 contain legal conclusions and argument, and questions of law, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 56 and therefore denies.

57.    Todor admits that he signed a Conditions of Employment Agreement and Intellectual Property Agreement. To the extent that the allegations in paragraph 57 contain legal conclusions and argument, and questions of law, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 57 and therefore denies.

58.    To the extent that the allegations in paragraph 58 contain legal conclusions and argument, and questions of law, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 58 and therefore denies.

59.    To the extent that the allegations in paragraph 59 contain legal conclusions and argument, and questions of law, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 59 and therefore denies.

60.     To the extent that the allegations in paragraph 60 contain legal conclusions and argument, and questions of law, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 60 and therefore denies.

## Departures from Accenture

61.     Todor admits that Lamm was fired from Accenture in 2016.

62.     Todor admits that Womble was fired from Accenture in 2017.

63.     Todor admits that Fremont departed from Accenture in the summer of 2017.

64.     Todor admits that he wrote a departure email and resigned on September 1, 2017. Todor admits that he did not provide Accenture with information regarding his future employment plans when he resigned. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 64 and therefore denies.

65.     Todor admits that he works with Lamm, Fremont, Womble, McIntyre, Murray, and Boudria at HyperGiant. Todor denies that HyperGiant competes with Accenture in the digital consulting and innovation space. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 65 and therefore denies.

## Accenture's Investigation to Date Reveals Conspiracy to Form Competing Company

66.     Todor lacks information sufficient to admit or deny the allegations in paragraph 66 and therefore denies.

67.     Todor denies that he stole trade secrets from Plaintiff. He admits that he communicated with McIntyre, Murray, and Boudria. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 67 and therefore denies.

68.     Todor denies the allegations in paragraph 68.

69.     Todor admits that he communicated with McIntyre, Womble, and Boudria about his desire to leave Accenture. He denies that he communicated a desire to begin competing with Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 69 and therefore denies.

70.     Todor admits that he had communications about his desire to leave Accenture, but denies he coordinated to compete with Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 70 and therefore denies.

71.     Todor lacks information sufficient to admit or deny the allegations in paragraph 71 and therefore denies.

72.     Todor lacks information sufficient to admit or deny the allegations in paragraph 72 and therefore denies.

73.     Todor lacks information sufficient to admit or deny the allegations in paragraph 73 and therefore denies.

74.     Todor lacks information sufficient to admit or deny the allegations in paragraph 74 and therefore denies.

75.     Todor denies that he engaged in a scheme with Lamm, Womble, McIntyre, Boudria, or Murray. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 75 and therefore denies.

76.     Todor lacks information sufficient to admit or deny the allegations in paragraph 76 and therefore denies.

77.     Todor lacks information sufficient to admit or deny the allegations in paragraph 77 and therefore denies.

78.     Todor admits that met with McIntyre, Boudria, and Womble to discuss HyperGiant in June.

79.     Todor lacks information sufficient to admit or deny the allegations in paragraph 79 and therefore denies.

80.     Todor lacks information sufficient to admit or deny the allegations in paragraph 80 and therefore denies.

81.     Todor admits that he had a call with Boudria, McIntyre, and Craig Mertens in July. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 81 and therefore denies.

82.     Todor admits that Boudria invited him to join a Discord channel. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 82 and therefore denies.

83.     Todor admits that he used a Discord screen name. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 83 and therefore denies.

84.     Todor admits that he had communications on iMessage. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 84 and therefore denies.

85.     Todor admits that he had communications with McIntyre in July. Todor lacks information sufficient to admit or deny the allegations in paragraph 85 and therefore denies.

86.     To the extent the allegations in paragraph 86 consist of legal conclusions and argument, no response is required. Todor denies that he made plans to compete with Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 86 and therefore denies.

87.    Todor lacks information sufficient to admit or deny the allegations in paragraph 87 and therefore denies.

88.    Todor lacks information sufficient to admit or deny the allegations in paragraph 88 and therefore denies.

89.    To the extent the allegations in paragraph 89 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 89 and therefore denies.

90.    Todor lacks information sufficient to admit or deny the allegations in paragraph 90 and therefore denies.

91.    Todor admits that he communicated with Boudria about the Discord channel. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 91 and therefore denies.

92.    Todor lacks information sufficient to admit or deny the allegations in paragraph 92 and therefore denies.

93.    Todor lacks information sufficient to admit or deny the allegations in paragraph 93 and therefore denies.

94.    Todor lacks information sufficient to admit or deny the allegations in paragraph 94 and therefore denies.

**Defendants Misappropriate Accenture's Confidential, Proprietary, and Trade Secret Information**

95.    To the extent the allegations in paragraph 95 consist of legal conclusions and argument, no response is required. Todor denies that he acted in concert with McIntyre, Boudria, Murray, Lamm, Fremont, and Womble to secretly copy Accenture's information and conceal

their activities. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 95 and therefore denies.

### Defendant Marc Boudria

96.     To the extent the allegations in paragraph 96 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 96 and therefore denies.

97.     To the extent the allegations in paragraph 97 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 97 and therefore denies.

98.     Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 98 and therefore denies.

### Defendant Ross McIntyre

99.      Todor lacks information sufficient to admit or deny the allegations in paragraph 99 and therefore denies.

100.     Todor lacks information sufficient to admit or deny the allegations in paragraph 100 and therefore denies.

101.     To the extent the allegations in paragraph 101 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 101 and therefore denies.

102.     Todor lacks information sufficient to admit or deny the allegations in paragraph 102 and therefore denies.

103.     Todor lacks information sufficient to admit or deny the allegations in paragraph 103 and therefore denies.

### Defendant Matthew Murray

104.    Todor lacks information sufficient to admit or deny the allegations in paragraph 104 and therefore denies.

105.    Todor lacks information sufficient to admit or deny the allegations in paragraph 105 and therefore denies.

106.    Todor lacks information sufficient to admit or deny the allegations in paragraph 106 and therefore denies.

### Defendant John Todor

107.    To the extent the allegations in paragraph 107 consist of legal conclusions and argument, no response is required. Todor admits that he connected an external device to his Accenture computer in August of 2017. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 107 and therefore denies.

108.    Todor admits that he asked an Accenture marketing associate to provide a report of Accenture Fjord clients. Todor lacks information sufficient to admit or deny the allegations in paragraph 108 and therefore denies.

109.    Todor admits that he used communication applications such as Skype, iMessage, and Discord. Todor denies that he told McIntyre, Murray, and Boudria to delete their communications, to get off of Discord, and to delete data to conceal their activities. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 109 and therefore denies.

110.    Todor admits he deleted information from his Accenture computer, but denies that he did so to conceal his activities.

111.    Todor admits that he deleted files from his Accenture computer before he left Accenture. Todor lacks information sufficient to admit or deny the allegations in paragraph 111 and therefore denies.

**All Defendants**

112.    To the extent the allegations in paragraph 112 consist of legal conclusions and argument, no response is required. Todor denies that he had no "legitimate" purpose for seeking reports while at Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 112 and therefore denies.

113.    Todor lacks information sufficient to admit or deny the allegations in paragraph 113 and therefore denies.

114.    To the extent the allegations in paragraph 114 consist of legal conclusions and argument, no response is required. Todor admits that he had possession of Accenture documents, but these documents have been sent to the expert. Todor denies that he used this information in connection with HyperGiant's business. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 114 and therefore denies.

**Defendants Exploit Accenture's Confidential, Proprietary, and Trade Secret Information to Solicit Accenture Clients in Breach of Contractual Obligations**

115.    To the extent the allegations in paragraph 115 consist of legal conclusions and argument, no response is required. Todor denies that he has acted in coordination with HyperGiant, Lamm, Fremont, and Womble to solicit Accenture clients. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 115 and therefore denies.

116.    Todor admits that he asked a marketing associate to provide a report on Accenture Fjord clients, but denies he did so with the intention of providing the list to HyperGiant, nor has he done so.

16

117.    To the extent the allegations in paragraph 117 consist of legal conclusions and argument, no response is required. Todor admits that he approached a client on behalf of HyperGiant, but denies he used confidential Accenture information in so doing. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 117 and therefore denies.

118.    Todor lacks information sufficient to admit or deny the allegations in paragraph 118 and therefore denies.

119.    To the extent the allegations in paragraph 119 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly solicited Accenture clients. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 119 and therefore denies.

120.    To the extent the allegations in paragraph 120 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly solicited Accenture clients. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 120 and therefore denies.

121.    To the extent the allegations in paragraph 121 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 121 and therefore denies.

**Defendants Solicit Accenture Employees in Breach of Contractual Obligations**

122.    To the extent the allegations in paragraph 122 consist of legal conclusions and argument, no response is required. Todor denies that he has solicited Accenture employees in coordination with HyperGiant, Lamm, Fremont, and Womble. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 122 and therefore denies.

17

123.    To the extent the allegations in paragraph 123 consist of legal conclusions and argument, no response is required. Todor denies that he has coordinated with Lamm to solicit Jesse Sims to join HyperGiant. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 123 and therefore denies.

124.    To the extent the allegations in paragraph 124 consist of legal conclusions and argument, no response is required. Todor denies that he has coordinated with Lamm to solicit Chris Klee to join HyperGiant. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 124 and therefore denies.

125.    Todor denies that he coordinated with Lamm to recruit and hire an Accenture Fjord Content Design Lead. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 125 and therefore denies.

126.    To the extent the allegations in paragraph 126 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly solicited Accenture employees. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 126 and therefore denies.

127.    To the extent the allegations in paragraph 127 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly solicited Accenture employees. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 127 and therefore denies.

## COUNT I
## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF DEFEND TRADE SECRETS ACT
## 18 U.S.C. SECTION 1831 et. seq.

128.    Paragraph 128 requires no admission or denial.

129.    To the extent the allegations in paragraph 129 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired, used, or disclosed trade secrets of Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 129 and therefore denies.

130.    To the extent the allegations in paragraph 130 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 130 and therefore denies.

131.    To the extent the allegations in paragraph 131 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 131 and therefore denies.

132.    To the extent the allegations in paragraph 132 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired or disclosed Accenture trade secrets. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 132 and therefore denies.

133.    To the extent the allegations in paragraph 133 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 133 and therefore denies.

134.    To the extent the allegations in paragraph 134 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired or stolen Accenture's trade secrets. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 134 and therefore denies.

135.    To the extent the allegations in paragraph 135 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired, used, disclosed

– or threatened to acquire, use, or disclose – Accenture's trade secrets. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 135 and therefore denies.

136.    To the extent the allegations in paragraph 136 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired or misappropriated Accenture's trade secrets. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 136 and therefore denies.

137.    To the extent the allegations in paragraph 137 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired or misappropriated Accenture's trade secrets, and also denies that he has intended to cause injury or harm to Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 137 and therefore denies.

138.    Paragraph 138 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

### COUNT II
### MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF TEXAS UNIFORM TRADE SECRETS ACT
### TEX. CIV. PRAC. & REM. CODE SECTION 134A.001 et. seq.

139.    Paragraph 139 requires no admission or denial.

140.    To the extent the allegations in paragraph 140 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired, used, or disclosed Accenture's trade secrets. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 140 and therefore denies.

141.    Paragraph 141 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

20

142.    Paragraph 142 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

143.    To the extent the allegations in paragraph 143 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired, used, or disclosed Accenture's trade secrets. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 143 and therefore denies.

144.    To the extent the allegations in paragraph 144 consist of legal conclusions and argument, no response is required. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 144 and therefore denies.

145.    To the extent the allegations in paragraph 145 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired or stolen Accenture's trade secrets. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 145 and therefore denies.

146.    To the extent the allegations in paragraph 146 consist of legal conclusions and argument, no response is required. Todor denies that he has improperly acquired, used, or disclosed Accenture's trade secrets, nor has he threatened to do so. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 146 and therefore denies.

147.    Paragraph 147 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

148.    Paragraph 148 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

149.    Paragraph 149 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

150.     To the extent the allegations in paragraph 150 consist of legal conclusions and argument, no response is required. Todor denies that he has intended to cause injury or harm to Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 150 and therefore denies.

## COUNT III
## BREACH OF THE INTELLECTUAL PROPERTY AGREEMENTS

151.     Paragraph 151 requires no admission or denial.

152.     To the extent the allegations in paragraph 152 consist of legal conclusions and argument, no response is required. Todor admits that he signed an Intellectual Property Agreement. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 152 and therefore denies.

153.     Paragraph 153 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

154.     Paragraph 154 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

155.     Paragraph 155 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

156.     To the extent the allegations in paragraph 156 consist of legal conclusions and argument, no response is required. Todor denies that he has used, disclosed, or provided access to Accenture's confidential information. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 156 and therefore denies.

157.     Paragraph 157 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

158.    Paragraph 158 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

## COUNT IV
## BREACH OF THE CONDITIONS OF EMPLOYMENT AGREEMENTS

159.    Paragraph 159 requires no admission or denial.

160.    To the extent the allegations in paragraph 160 consist of legal conclusions and argument, no response is required. Todor admits that he signed a Conditions of Employment Agreement. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 160 and therefore denies.

161.    Paragraph 161 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

162.    Paragraph 162 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

163.    Paragraph 163 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

164.    Paragraph 164 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

165.    Paragraph 165 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

166.    To the extent the allegations in paragraph 166 consist of legal conclusions and argument, no response is required. Todor denies that he unlawfully solicited Accenture employees or clients. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 166 and therefore denies.

167. To the extent the allegations in paragraph 167 consist of legal conclusions and argument, no response is required. Todor denies that he released or utilized Accenture's confidential information after the termination of his employment. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 167 and therefore denies.

168. Paragraph 168 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

169. Paragraph 169 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

## COUNT V
## BREACH OF FIDUCIARY DUTIES

170. Paragraph 170 requires no admission or denial.

171. To the extent the allegations in paragraph 171 consist of legal conclusions and argument, no response is required. Todor admits that he was an employee of Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 171 and therefore denies.

172. Paragraph 172 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

173. To the extent the allegations in paragraph 173 consist of legal conclusions and argument, no response is required. Todor denies that he took, retained, or disclosed Accenture's confidential information to benefit himself and third parties whose business was competitive to Accenture's. Todor denies that he prepared to divert Accenture clients and business to a business competitive with Accenture. Todor denies that he solicited, encouraged, or induced Accenture employees to terminate their employment with Accenture to join a business competitive with Accenture. Todor denies that he used Accenture's resources to perform services for a third party

while employed by Accenture. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 173 and therefore denies.

174.    Paragraph 174 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

175.    To the extent the allegations in paragraph 175 consist of legal conclusions and argument, no response is required. Todor denies that he has been unjustly enriched, used Accenture information to develop products and services, or wrongfully solicited Accenture clients. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 175 and therefore denies.

176.    Paragraph 176 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

## COUNT VI
## CIVIL CONSPIRACY

177.    Paragraph 177 requires no admission or denial.

178.    To the extent the allegations in paragraph 178 consist of legal conclusions and argument, no response is required. Todor denies that he acted with McIntyre, Murray, or Boudria to use or disclose Accenture's information, solicit employees, or solicit clients. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 178 and therefore denies.

179.    To the extent the allegations in paragraph 179 consist of legal conclusions and argument, no response is required. Todor denies that he misused Accenture's confidential information or had any unlawful objectives. Todor lacks information sufficient to admit or deny the remaining allegations in paragraph 179 and therefore denies.

25

180.    Paragraph 180 sets forth legal conclusions and questions of law to which no response is required. Todor denies there is any factual or legal basis to Plaintiff's claims.

## REQUEST FOR JURY DEMAND

181.    Paragraph 181 does not contain factual allegations and requires no response.

## PRAYER FOR RELIEF

182.    Todor denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court award a take-nothing judgment in favor of Todor, and that Todor receive all costs and fees that he is entitled to by law or equity.

## ADDITIONAL DEFENSES AND AFFIRMATIVE DEFENSES

183.    Plaintiff fails to state a claim upon which relief may be granted.

184.    Plaintiff's common law claims are preempted by the exclusive remedy provisions of the Texas Uniform Trade Secrets Act.

185.    To the extent any common law claim is based on the subject matter of any contract between the parties, those claims are barred by the existence of the contract.

186.    Plaintiff has failed to allege with specificity the alleged trade secrets forming the basis of Plaintiffs' Complaint.

187.    Plaintiff's prayer for equitable relief is barred because Plaintiff has an adequate remedy at law.

188.    Plaintiff's prayer for equitable relief is barred due to Plaintiff's unclean hands.

189.    No funds, profits, property, or benefits can be traced back to the actions alleged in Plaintiff's Complaint. Accordingly, Todor cannot be disgorged of any funds, profits, property, or benefits and a constructive trust cannot be imposed.

190.    Plaintiff has failed to mitigate its damages, in whole or in part.

191.    Todor's conduct was not the proximate cause of damages, if any, suffered by Plaintiff. If Plaintiff has sustained any damages, they are the proximate result of some superseding or intervening cause.

192.    To the extent Plaintiff seeks punitive or exemplary damages, Todor pleads the protections provided for in the United States and Texas Constitutions as well as Chapter 41 of the Texas Civil Practice & Remedies Code, and any submissions to the fact finders and/or judgment must strictly comply with the same. Plaintiff has failed to properly plead or establish any basis for exemplary or punitive damages. Additionally, any award, including exemplary damages, would violate Todor's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the due process and due course of law provisions of the Texas Constitution, the Excessive Fines Clause in the Eighth Amendment, and the Equal Protection Clause and Privileges and Immunities Clauses of the Fourteenth Amendment.

193.    Todor specifically incorporates by reference the requisite standards of limitations regarding the determination and/or enforceability of punitive damages awards including Chapter 41 of the Texas Civil Practice & Remedies Code and the Supreme Court's interpretations of the constitutional mandates, including the decisions of *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

194.    Plaintiff failed to satisfy conditions precedent including presentment.

195.    Todor may have a right to offset.

196.    Todor reserves the right to assert other defenses as discovery proceeds.

27

## <u>REQUEST FOR RELIEF</u>

197.    For these reasons, Todor requests that this Court dismiss Plaintiff's Complaint, enter a take-nothing judgment against Plaintiff, and award Todor all other relief that the Court deems just and proper.

Respectfully Submitted,


BY:   /s/ *Michael J. Golden*
      Michael J. Golden
      State Bar. No. 24032234

      BOULETTE GOLDEN & MARIN L.L.P.
      2801 Via Fortuna, Suite 530
      Austin, TX 78746
      512.732.8902
      512.732.8905 (facsimile)
      mike@boulettegolden.com


ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's ECF system on this 14th day of November 2017 as follows:

Benjamin M. Ostrander (*admitted pro hac vice*)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
312.558.5600
312.558.5700 – facsimile

Daniel J. Fazio (*admitted pro hac vice*)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
312.558.5600
312.558.5700 – facsimile

Michael P. Roche (*admitted pro hac vice*)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
312.558.5600
312.558.5700 – facsimile

Sheryl A. Falk (*admitted pro hac vice*)
sfalk@winston.com
Winston & Strawn LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002
713.651.2600
713.651.2700 - facsimile

Steven A. Fleckman
fleckman@fleckman.com
Fleckman & McGlynn, PLLC
515 Congress Ave., #1800
Austin, TX 78701-3503
512.476.7900
512.476.7644 – facsimile

Erin C. Villasenor
evillasenor@winston.com
Winston & Strawn LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002
713.651.2600
713.651.2700 - facsimile

ATTORNEYS FOR PLAINTIFFS

   */s/ Michael J. Golden*
            Counsel for Defendants