# Composite Exhibit 3



North America  Europe  Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**Daniel J. Fazio**
Partner
312.558.3191
dfazio@winston.com

January 30, 2018

Michael Golden
Boulette Golden & Marin LLP
2801 Via Fortuna, Suite 530
Austin, Texas 78746

Re:     Civil Action No. 1:17-cv-1013-SS; *Accenture LLP v. Boudria, et al.*

Dear Mike:

I write regarding certain outstanding discovery issues.

First, as you know, HyperGiant previously designated Messrs. Womble and Lamm as its corporate designees for its 30(b)(6) deposition; however, during their respective depositions, neither Messrs. Womble and Lamm were adequately prepared to testify on any of the designated topics.  Indeed, Mr. Lamm readily admitted that he had done nothing to prepare himself on any of the topics on which he had been designated (*see, e.g.,* Lamm Deposition Transcript, pages 79–83), and was unable to answer even very basic questions relating to those topics.  Likewise, Mr. Womble was not able to answer even very basic questions on the topics for which he was designated and admitted to not doing anything to prepare to testify on those topics beyond his personal knowledge (*see, e.g.*, Womble Deposition Transcript, pages 152–158).  In light of the foregoing and the upcoming hearing, please provide available dates for a renewed 30(b)(6) deposition of HyperGiant, to take place during the week of February 5 or February 12.

Second, at the time the parties entered the forensic protocol, you represented that you were not aware of any additional devices and accounts that contained Accenture data beyond those Defendants initially produced for inspection, but you acknowledged your obligation to supplement that production if you or Defendants became aware of any additional devices or accounts.  Sheryl Falk previously wrote to you, advising you that Accenture has reason to believe that Defendants have failed to turn over to Flashback all of the relevant devices and accounts in accordance with the Court's Order and the Parties' agreed protocol.

Since that time, you have not provided any information regarding what, if any, additional diligence you and/or Defendants conducted to ensure complete production; however, our ongoing forensic investigation indicates that that there are additional devices and accounts that likely contain Accenture information that were not turned over to Flashback.  These include, but are not limited to:

**Defendant Boudria**

- Mac computer used on September 26, 2017

**WINSTON**
**& STRAWN**
LLP

January 30, 2018

Page 2

- ○ *The external drive that Mr. Boudria produced to Flashback shows that it was plugged into a Mac computer on September 26, 2017 and accessed Accenture data. This is well after his last day at Accenture and does not match to any known access from the devices turned over to date.*
- Email accounts: nautreluvr@hotmail.com and abstractamcr@gmail.com
- GitLab account
- GoogleDrive
- Kingston External Storage Device
- USB20FD External Storage Device

**Defendant Murray**

- GitHub account
- DrobBox account
- Gmail account: mattanimation@gmail.com
- GoogleDrive
- USB20FD External Storage Device

**Defendant Todor**

- DropBox account
- External storage device without a Volume Label that was plugged into Accenture's systems
- External storage device named My Passport for Mac

**Defendant McIntyre**

- USB (SPUFDU3)
  - ○ *This device was used with Mr. McIntyre's Accenture computer and contained a Whole Foods Market presentation. This drive was also plugged into Mr. McIntyre's Accenture computer, was plugged into one of his personal computers, and an Accenture Whole Foods Market presentation was accessed after his last day at Accenture (likely on a HyperGiant computer).*

In light of the upcoming hearing date, we demand that Defendants immediately produce the above-referenced devices and accounts for immediate inspection.

Accenture reserves all rights and remedies.

Sincerely,

 /s/

Daniel J. Fazio



**WINSTON & STRAWN** LLP    North America   Europe   Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

Michael P. Roche
Partner
312.558.7508
mroche@winston.com

February 2, 2018

Michael Golden
Boulette Golden & Marin LLP
2801 Via Fortuna, Suite 530
Austin, Texas 78746

Re:    *Accenture LLP v. Boudria, et al.*

Dear Mike:

I write regarding a matter of significant concern – the apparent intentional spoliation of evidence by at least three of the Defendants after this litigation was initiated.

As you know, at Defendants' insistence, the production of Defendants' devices and accounts has, to date, gone through the Defendants' own forensic provider, Flashback Data; Plaintiff's ability to analyze Defendants' computer activity has been restricted by limited production from Flashback. Nevertheless, even with the limited information made available to Plaintiff to date, we have recently uncovered evidence of intentional spoliation of evidence in the days after the Complaint was filed and the TRO hearing was held in this matter. By way of illustration, our ongoing analysis indicates the following:

**Defendant Matthew Murray**

Mr. Murray had CCleaner, a sophisticated, anti-forensic, commercial wiping software on both of his Mac computers. Our analysis to date indicates that Mr. Murray updated and likely ran CCleaner on one of his computers on or about October 28, 2017, three days after the TRO hearing was held. By its nature, CCleaner erases evidence of its use, and, given the limited forensic artifacts that Flashback has to date made available to Accenture's forensics provider, further forensic analysis of Mr. Murray's device is required to attempt to uncover the full scope of Mr. Murray's use of CCleaner.

Furthermore, on or about October 29, 2017, Mr. Murray deleted part of his GitHub application (an application used to store and to transmit source code), deleted the cache from his mail client, Polymail, deleted the cache from his chat application, Slack, deleted his Discord cache, and deleted part of his Discord application. All of these activities, individually and in the aggregate, had the effect of erasing evidence of Mr. Murray's communications, use and transmission of Accenture data, and other computer activity that had existed on his computer as of the date the Complaint was filed.

WINSTON
&STRAWN
LLP

February 2, 2018

Page 2

**Defendant Ross McIntyre**

On October 29, 2017, Mr. McIntyre updated and used CleanMyMac on his Mac computer. CleanMyMac is a commercial data eradication program that can be used, among other ways, to erase download history, communications, and other internet activity. On or about October 29, 2017, Mr. McIntyre also deleted thousands of files from his Mac Computer, including his Adobe Captivate application.

**Defendant John Todor**

On or about October 29, 2017, Mr. Todor erased thousands of files from his Mac computer, including his Chrome cache. His actions in this regard caused for example, the deletion of evidence of his internet activity that existed on his computer as of that date, including communications and any access to or use of GoogleDrive, Dropbox, web-based mail, and/or any other internet-based method that would have allowed Mr. Todor to transmit some or all of the extraordinary amount of Accenture confidential information we now know was on that computer as of that date.

**Defendant Marc Boudria**

As you know, Mr. Boudria did not turn any computer into Flashback whatsoever. And while he testified that his home personal computer did not contain Accenture information on it, the external drive that Mr. Boudria did turn into Flashback shows that it was plugged into a Mac computer on September 26, 2017, and accessed Accenture data. This is a very strong indication that Mr. Boudria's personal computer had Accenture information on it as of the date the Complaint was filed.

\*      \*      \*

Defendants were on notice of their duty to preserve evidence at least from October 24, 2017, when each Defendant received a copy of the Complaint accompanied by a letter from me detailing his duty to preserve evidence. Moreover, Judge Sparks made very clear at the October 25 TRO hearing that Defendants were required to preserve, and not to delete, any evidence in this matter. The Defendants' actions, as outlined above, not only violate their obligations to preserve evidence, but also undermine the credibility of their respective denials of the use and transmission of Accenture information and give Accenture serious concern that its information that Defendants stole is not fully accounted for.

Accenture intends to raise these matters with the Court and to seek all appropriate remedies, including sanctions, against the Defendants and anyone else shown to have committed or participated in the spoliation of evidence in this matter. We demand the immediate production directly to Accenture's forensics firm, GC Partners, of the images of the Defendants' devices at Flashback, so that GC Partners may immediately conduct a full forensic analysis of the Defendants' spoliation. We also renew our repeated requests that the Defendants' missing devices and accounts be immediately provided for forensic inspection. Finally, we ask that you immediately provide us dates for Defendants' continued depositions, to take place before the currently-scheduled Preliminary Injunction hearing, so that Plaintiff may examine them regarding these activities.

# WINSTON & STRAWN
### LLP

Accenture reserves all rights and remedies.

Sincerely,

Michael P. Roche